```
UNITED STATES DISTRICT COURT
    DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **MARK GOLDBERG,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**UNITED STATES OF AMERICA, et al.,**<br><br>　　　　**Defendants.** | No. 17-cv-6024 (NLH) (JS)<br><br>MEMORANDUM AND ORDER |

　　IT APPEARING THAT:

　　1.  Federal law requires this Court to screen complaints in those civil actions in which the plaintiff is proceeding in forma pauperis and in which the plaintiff is incarcerated.  See 28 U.S.C. § 1915(e)(2)(B) (proceeding in forma pauperis), § 1915A (incarcerated).  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Plaintiff Mark Goldberg's Complaint, ECF No. 1, is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis[1] and is incarcerated.

---

[1] By order of today's date, Plaintiff's application to proceed in forma pauperis, ECF No. 7, is granted.

1

2. This Court has screened the Complaint for dismissal and has determined that the Complaint states a First Amendment access to courts claim and a Fifth Amendment[2] due process claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 386 (1971),[3] against Defendants David Ortiz, Caryn Flowers, Laura Coleman, Ms. Clarke, Rashawn Robinson, James Reiser, Mr. N. Mullins, Ms. M. Fischer, Ms. Centano, and Mr. T. Vogt.

3. The United States of America and the Federal Bureau of Prisons will be dismissed as defendants because they are immune from suit. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). See also Webb v. Desan, 250 F. App'x 468, 471 (3d Cir. 2007) (noting that the United States is immune from Bivens claims).

---

[2] In the Complaint, Plaintiff references his Fourteenth Amendment due process rights. The Court construes this as a Fifth Amendment due process right. The Fifth Amendment applies to conduct against federal employees, whereas the Fourteenth Amendment applies to conduct against state employees. See, e.g., Schanzer v. Rutgers Univ., 934 F. Supp. 669, 679 n. 14 (D.N.J. 1996) (citing Bartkus v. Illinois, 359 U.S. 121 (1959)).

[3] Plaintiff references claims brought pursuant to both Bivens and 42 U.S.C. §§ 1983, 1985. Sections 1983 and 1985 do not apply to claims brought against the United States and its employees. See Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001). The Court thus construes Plaintiff's Complaint as being brought pursuant to Bivens, the appropriate avenue for which to bring civil rights claims against federal employees. See id.

4. Although Plaintiff has not raised it as a specific claim for relief, he states in the Complaint that "Defendant(s) continue to discriminate against me because I can not easily defend myself while trying to cope with my Legal Blindness and being incarcerated, and not having no special services, nor equipment to make life here the same with all other inmates in violation of the Americans With Disabilities Act of 1990." Compl at 9. It is not clear whether Plaintiff intends this reference to raise a legal claim for violation of the Americans with Disabilities Act (or, the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.), as there are insufficient factual allegations that would support such a claim. While Plaintiff asserts that he is blind, a recognized disability, he has not articulated with the required specificity what conduct of the Defendants violates his statutory rights. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a complaint must contain enough factual matter to suggest a plausible claim not merely bald assertions or legal conclusions). If Plaintiff wishes to raise such a claim, he may file an amended complaint in conformance with the Federal Rules of Civil Procedure.

IT IS therefore on this   23rd   day of January, 2018,

ORDERED that the Clerk of the Court shall make a new and separate entry marking this matter RE-OPENED; and it is further

ORDERED that Plaintiff's application to proceed in forma pauperis, ECF No. 7, is hereby granted; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the United States Attorney for the District of New Jersey and the warden of the Federal Correctional Institution at Fort Dix; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to Bruce v. Samuels, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases,

4

a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with <u>Bruce</u>, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

ORDERED that the Complaint shall be filed; and it is further

ORDERED that the First Amendment access to courts claim and the Fifth Amendment Due Process claim contained in the Complaint, ECF No. 1, shall proceed; and it is further

ORDERED that the Clerk of Court is directed to dismiss with prejudice Defendants the United States of America and the Federal Bureau of Prisons; and it is further

ORDERED that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

ORDERED that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[4]; and it is further

ORDERED that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last

---

[4] Alternatively, the U.S. Marshal may notify Defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

known address and (2) file a Certificate of Service[5]; and it is further

ORDERED that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[5] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.