```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARK GOLDBERG, | 1:17-cv-06024-NLH-JS |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is proceeding *in forma pauperis* and is incarcerated, the Court screened Plaintiff's complaint for dismissal and determined that the complaint states a First Amendment access to courts claim and a Fifth Amendment due process claim pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 386 (1971), against Defendants David Ortiz, Caryn Flowers, Laura Coleman, Ms. Clarke, Rashawn Robinson, James Reiser, Mr. N. Mullins, Ms. M. Fischer, Ms. Centano, and Mr. T. Vogt. (Docket No. 8.)

2. Currently pending are two motions filed by Plaintiff. The first motion is for a protective order against Defendant Michelle Fischer because she allegedly sexually assaulted Plaintiff during a body search. (Docket No. 16.) The second motion is for the entry of default by the Clerk's office

against all the Defendants for their failure to appear in the action despite valid service of process. (Docket No. 26.)

3. The Court must deny both of Plaintiff's motions.

4. As for Plaintiff's motion for the entry of default, in the Court's complaint screening Order, the Court directed the Clerk to mail Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"), and the Court instructed that once the Marshal received the USM-285 Forms from Plaintiff and the Marshal so alerted the Clerk, the Clerk was to issue summons in connection with each submitted USM-285 Form. Thereafter, the Marshal was to serve summons, the Complaint and the Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States. (Id.) The Clerk complied with the Court's Order, and Plaintiff completed and returned the 285 Forms, but not for all the parties who must be served.

5. Pursuant to Fed. R. Civ. P. 4(i)(3), a plaintiff suing a federal employee in his individual capacity must effect service in three parts: (1) Plaintiff must serve the individual employee under Rule 4(e), (f), or (g), and Plaintiff must serve the United States by serving (2) the "United States attorney for the district where the action is brought," and (3) the "Attorney General of the United States at Washington, D.C."

under Rule 4(i)(1).

6.    Plaintiff has only satisfied two of the three parts to properly effect service.  The returns of service filed by the U.S. Marshals Service state that the summons and complaint have been served on the individually named Bureau of Prisons employees (Docket No. 14), and the U.S. Attorney General in Washington, D.C.  (Docket No. 24).  Plaintiff has not served the U.S. Attorney's Office for the District of New Jersey.[1]

7.    This Court cannot order the Clerk to enter default against any Defendant without valid service of process in accordance with Rule 4(i)(1).  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (providing that (1) an "individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process," (2) "service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant,"  and (3) "[i]n the absence of service of process (or waiver of service by the defendant), a court

---

[1] In a May 10, 2018 letter to the Court and copied to Plaintiff, the U.S. Attorney's Office for the District of New Jersey informed Plaintiff of his deficiency in failing to serve the U.S. Attorney General and the District of New Jersey U.S. Attorney's Office, and explained the steps Plaintiff needed to take to properly serve them.  (Docket No. 17.)  It appears that Plaintiff followed up by completing and returning a 285 Form for the U.S. Attorney General, but not for the U.S. Attorney's Office for the District of New Jersey.

ordinarily may not exercise power over a party the complaint names as defendant").

8. With regard to Plaintiff's motion for a protective order, the Court first finds that Plaintiff's claim regarding a sexual assault is outside the scope of his current complaint, and the Court therefore cannot provide Plaintiff with a remedy for a claim that is not before the Court. Should Plaintiff wish to pursue such a claim, he must seek leave of Court to file an amended complaint pursuant to Fed. R. Civ. P. 15 or file a new action.[2]

9. To the extent that Plaintiff's complaint can be construed to encompass that claim, and the Court further construes Plaintiff's motion for a protective order to be an ex-parte temporary restraining order ("TRO") or preliminary injunction application, his application is both procedurally[3]

---

[2] The Court expresses no opinion on the merits or viability on any new action if filed.

[3] Federal Rule of Civil Procedure 65 limits the Court's ability to issue a TRO to instances when: (i) the "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the" party seeking the TRO and (ii) the party seeking the TRO "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiff has not met either of these requirements and his application could be denied on that basis alone. However, given that Plaintiff is a prisoner appearing *pro se* the Court will separately address why his application should be denied for failure to meet the substantive standard for the extraordinary remedy of injunctive relief even if the application had been properly supported by

and substantively defective.

10. To secure the extraordinary relief of a preliminary injunction or TRO, Plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999) (as to a preliminary injunction); see also Ballas v. Tedesco, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order). A plaintiff must establish that all four factors favor preliminary relief. See Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).

11. Plaintiff relates in his motion, "On April 27, 2018, the Defendant Correctional Counselor Ms. Michelle Fischer was conducting a body search on the Plaintiff Mark Goldberg. In the Defendant's body search, she patted down to Goldberg's penis area and stopped. She grabbed and then[n] squeezed Goldberg's penis. Defendant then stated 'What is this?' Goldberg stood silent and Fischer resumed her search." (Docket No. 16 at 2.)

12. Plaintiff states that he reported this sexual assault

---

evidence and otherwise procedurally sound.

and that there is a criminal investigation being conducted. Plaintiff further states that he will press charges against Fischer. (Id.)

13. Plaintiff's request for a protective order does not meet the requirements for injunctive relief because Plaintiff has not articulated how any of those elements have been met.

14. Specifically with regard to how the denial of a TRO or injunction will result in irreparable harm to Plaintiff, it appears that Plaintiff has not suffered a similar subsequent incident since that time, and it further appears that Plaintiff's complaint about his sexual assault is being actively investigated by the authorities. Without more evidence, the Court cannot find that he will continue to be harmed in the described manner if the Court does not enter a TRO against the Defendant.

15. Moreover, Plaintiff's alleged injury appears to be compensable monetarily as opposed to harm that is not redressable with money, and as such, he has presented an injury that does not qualify for injunctive relief. See A. O. Smith Corp. v. F. T. C., 530 F.2d 515, 525 (3d Cir. 1976) (citation and quotations omitted) ("The requisite [for irreparable injury] is that the feared injury or harm be irreparable - not merely serious or substantial. The word means that which

cannot be repaired, retrieved, put down again, atoned for. . . . Grass that is cut down cannot be made to grow again; but the injury can be adequately atoned for in money.  The result of the cases fixes this to be the rule: the injury must be of a peculiar nature, so that compensation in money cannot atone for it.").  Plaintiff has failed to show that he would not have a remedy at law for the alleged wrongdoing.

16.  In sum, absent evidence of continuing and imminent harm and the unavailability of money relief for any past harm if proven, Plaintiff has failed to meet the standard for injunctive relief under Federal Rule of Civil Procedure 65.

THEREFORE,

IT IS on this ___20th___ day of _December_, 2018

ORDERED that Plaintiff's MOTION for Protective Order [16] and MOTION for Entry of Default [26] be, and the same hereby are, DENIED; and it is further

ORDERED that the Clerk shall mail to Plaintiff an additional 285 Form for Plaintiff to complete as to the U.S. Attorney's Office for the District of New Jersey and return to the U.S. Marshals Service within 30 days.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.