[ECF No. 65]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARK GOLDBERG,<br><br>                Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | Civil No. 17-6024 (NLH/SAK) |

## OPINION AND ORDER

This matter is before the Court by way of a Motion for Leave to File an Amended Complaint [ECF No. 65] ("Motion") by Plaintiff Mark Goldberg ("Plaintiff"). Defendants, David Ortiz, Carolyn Flowers, Laura Coleman, Ms. Clarke, Rashawn Robinson, James Reiser, Mr. N. Mullins, Ms. M. Fisher, Ms. Centano, and Mr. T. Vogt (collectively "Defendants"), neither object nor consent. *See* Letter from U.S. Regarding Pl.'s Mot. [ECF No. 66]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons set forth herein, it is hereby Ordered that Plaintiff's Motion is **GRANTED**.

## DISCUSSION

Plaintiff's claims stem from alleged violations of his First and Fifth Amendment rights. *See* Compl. [ECF No. 1]. Plaintiff commenced this action as a *pro se* litigant on August 10, 2017, by filing a complaint and application to proceed *in forma pauperis*. *Id.* Plaintiff's complaint alleged that Defendants caused him to miss court hearings, resulting in the termination of his parental rights to his son, N.G. *Id.* at ¶ 3.

After curing certain procedural defects, Plaintiff was permitted to proceed with his complaint as to the First Amendment access to court and Fifth Amendment due process claims brought pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 386 (1971). S*ee* Mem. and Order Granting Pl.'s Appl. [ECF No. 8].  Claims against the United States of America and the Federal Bureau of Prisons were dismissed based on immunity. *Id*. Perfected service on the defendants was made on May 9, 2019. *See* Summons Returned Executed [ECF Nos. 14, 24, 30].  On July 21, 2019, Defendants filed an answer to Plaintiff's complaint. *See* Defs.' Answer [ECF No. 35].  On October 25, 2019, Defendants filed a motion for judgment on the pleadings. *See* Mot. for J. [ECF No. 45].

Between February 5, 2018, and July 6, 2020, Plaintiff filed multiple motions seeking appointment of *pro bono* counsel.  *See* Plt.'s Mot. to Appoint *Pro Bono* Counsel [ECF Nos. 10, 37, 50, 54].  The Court ultimately appointed *pro bono* counsel on September 16, 2020. *See* Order Granting *Pro Bono* [ECF No. 55].  Thereafter, on October 2, 2020, the Court denied without prejudice Plaintiff's motion for judgment on the pleadings. *See* Mem. Op. and Order Denying Mot. for J. [ECF No. 56].  The Hon. Noel L. Hillman, U.S.D.J. stated that since an attorney was going to be appointed for Plaintiff, "justice required providing assigned counsel an opportunity to become familiar with the case." *Id*.  On October 8, 2020, Chiesa Shahinian & Giantomasi P.C. was appointed counsel for Plaintiff. *See* Letter Order [ECF No. 57].  The Court held a scheduling conference on April 7, 2021, and issued an Order allowing Plaintiff until June 25, 2021, to file a motion for leave to amend his complaint. *See* Scheduling Order [ECF No. 63].  Pursuant to that Order, all further scheduling would depend on the outcome of Plaintiff's motion to amend. *Id*.

On June 25, 2021, Plaintiff filed his first motion for leave to amend the complaint, presently before the Court. *See* Motion.  Plaintiff seeks to amend the complaint to detail with greater

specificity, his exhaustion of administrative remedies and the conduct of Defendants that form the basis of his claims. *Id.* Additionally, Plaintiff seeks to remove Defendants Laura Coleman, Ms. Clarke, and Rashawn Robinson, as they were not personally involved in the alleged unlawful conduct. *Id.* Lastly, Plaintiff seeks to add a new Defendant Jordan Hollingsworth, who Plaintiff alleges was personally involved in the alleged unlawful conduct. *Id.* Counsel for Defendants filed a letter advising the Court that while they do not oppose Plaintiff's motion, they are unable to consent due to the nature of the alleged claims. *See* Letter from U.S. Regarding Pl.'s Mot. [ECF No. 66].

## **ANALYSIS**

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend pleadings "shall be freely given when justice so requires." "This liberal amendment philosophy limits the district court's discretion to deny leave to amend." *Adams v. Gould Inc.*, 739 F.2d 585, 864 (1984). A court should allow a party to amend its pleading so long as there is no undue delay, bad faith, dilatory motive, undue prejudice or futility of the amendment. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Absent undue or substantial prejudice . . . [denial must] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quoting *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)).

Here, the Court finds that Plaintiff's amendments are not grounded in bad faith, dilatory motives, or undue delay. Plaintiff was appointed counsel on October 8, 2020. Judge Hillman then provided counsel with "an opportunity to become familiar with the case." Following a conference with all the parties on April 7, 2021, Plaintiff timely moved to amend pursuant to the Court Order [ECF No. 63]. Plaintiff's proposed amended complaint addresses many of the deficiencies noted

in Defendants' motion for judgment on the pleadings [ECF No. 45]. Additionally, Defendants do not oppose Plaintiff's motion.

The Court also does not find Plaintiff's amendments to be futile. In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Fed. R. Civ. P. 12(b)(6). *Travelers Indemnity Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (citation omitted), *see also, Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (stating an amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted). Pursuant to Fed. R. Civ. Pro. 8(a)(2), a pleader must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." The Court must accept as true all well-pled factual allegations raised in a movant's pleadings, and must determine whether the facts as alleged raise a facially plausible claim on the grounds asserted. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). A pleading need not provide detailed factual allegations but must provide facts sufficient to show a plausible cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard requires showing "more than a sheer possibility that a [party] has acted unlawfully." *Burthch v. Milberg Factors, Inc.*, 662 f.3d 212, 221 (2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557). Where plausible fact allegations support each element of the proposed claim, the amendment is not futile. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In reviewing Plaintiff's proposed first amended complaint, the Court finds that Plaintiff has provided "a facially plausible claim on the grounds asserted." Plaintiff provides specific details regarding the alleged actions and inactions of the individual defendants to support his First and Fifth Amendment claims. Plaintiff chronicles the requests and responses allegedly received

from the individual defendants leading to and following the termination of his parental rights. Additionally, Plaintiff's proposed amended complaint omitted Defendants not personally involved in the matter. The proposed amended complaint also articulately specified the claims for relief.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 65] is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** this **11th** day of **August 2021**, that Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 65] is **GRANTED**; it is further

**ORDERED** that Plaintiff shall file and serve his First Amended Complaint in accordance with the Federal Rules of Civil Procedure by August 20, 2021. Defendants shall answer, move, or otherwise respond by September 30, 2021.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge